UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CFIRSTCLASS CORPORATION,<br><br>                            Plaintiff,<br><br>    - against -<br><br>SILVERJET PLC,<br><br>                            Defendant. | 07 Civ. 6371 (SHS)<br><br>ORAL ARGUMENT<br>REQUESTED |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**<u>DEFENDANT'S MOTION TO DISMISS THE COMPLAINT</u>**

MORRISON & FOERSTER LLP
Karen L. Hagberg
Geoffrey C. Upton
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

Attorneys for Defendant Silverjet plc

ny-780409

Defendant Silverjet plc ("Silverjet") respectfully submits this reply memorandum of law in further support of its motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted.

## PRELIMINARY STATEMENT

In its opposition brief ("Opp'n Br."), Plaintiff CFirstClass Corporation ("CFC") confirms that it has not, and cannot, state any viable claim in tort against Silverjet, and that any viable claim it may have against Silverjet is not properly heard in this Court because of the forum selection clauses applicable to this action. CFC cannot refute the clear conclusion that, because the claims at issue in this litigation ultimately hinge on rights and duties defined in the agreements underlying this action, the exclusive, mandatory forum selection clauses contained in those agreements govern this dispute.

In attempting to support its tort claims, moreover, CFC sets forth an erroneous reading of the law. But even under the standards for tortious interference it sets forth, CFC fails to state a claim as to Silverjet because it fails to allege facts sufficient to show that Silverjet "acted for a wrongful purpose" or used "dishonest or improper means" in acquiring FlyJet. Nor can CFC have a claim for unjust enrichment here because no relief can be granted in quasi-contract where a written agreement exists whose scope covers the dispute between the parties.

## ARGUMENT

### I.   CFC'S CHALLENGE TO THE BROAD FORUM SELECTION CLAUSES FAILS

CFC does not dispute that courts are to give broad consideration to forum selection clauses – especially where they are mandatory, as is the case here. *See* Declaration of Geoffrey C. Upton dated October 1, 2007, Exs. A and B. Instead, Plaintiff asserts that because Silverjet was originally a non-party to the agreements in question, it cannot now invoke the forum selection clauses in this action. That is plainly in error. First, CFC's reliance on *Thomson-CSF, S.A. v. Am. Arbitration Ass'n* is inapposite. The court in that case held that "a party cannot be required to submit to *arbitration* any dispute which he has not agreed so to submit" – not that a

party cannot be obliged to submit to a jurisdiction it has not agreed to. 64 F.3d 773, 776 (2d Cir. 1995) (emphasis added). The "traditional bases" CFC cites for binding a non-signatory to a "contract" are in fact bases for binding nonsignatories to arbitration agreements. *Id.* Moreover, *Thomson* is inapplicable here insofar as that case analyzed the circumstances in which a *signatory may bind a nonsignatory* to an arbitration agreement. The Second Circuit has looked differently at the reverse scenario, such as this one, "where the Court will 'estop a signatory from avoiding arbitration with a nonsignatory.'" *Israel v. Chabra*, Nos. 04 Civ. 4599 (DC), 04 Civ. 5859 (DC), 2005 U.S. Dist. LEXIS 3858, at *6-7 (S.D.N.Y. March 11, 2005), quoting *Choctaw Generation L.P. v. Am. Home Assur. Co.,* 271 F.3d 403, 406 (2d Cir. 2001) (holding that signatory was estopped from avoiding arbitration with non-signatory because of the "tight relatedness of the parties, contracts and controversies").

      Here, the Court can determine the "tight relatedness" of the parties, contracts and controversies in question solely on the basis of the facts pled in CFC's complaint, which – although brought against Silverjet – hinges on and is replete with references to the agreements CFC entered into with FlyJet. *See, e.g.,* Compl. ¶¶ 6-7 (citing a deposit CFC furnished to FlyJet "[b]ased on the execution and expected fulfillment of these Agreements" and costs allegedly incurred "[b]ased on execution of these Agreements"), 10-11 (alluding to Silverjet's willingness to negotiate with CFC as to modifying the terms of CFC's agreements with FlyJet), 13 ("CFC enjoyed valuable rights through its business relationship with FlyJet, in that it had the right to use a specifically configured Boeing 767-200 aircraft . . . .") and 20 (same). CFC should be precluded from now avoiding the broad, mandatory forum selection provisions it agreed to.

      Both parties also rely on *Direct Mail Prod. Servs. v. MBNA Corp.*, No. 99 Civ. 10550 (SHS), 2000 U.S. Dist. LEXIS 12945, at *7 (S.D.N.Y. Sept. 7, 2000), on this issue. CFC claims the case supports its position that Silverjet cannot rely on the forum selection clauses because Silverjet was not an intended beneficiary of the contracts, and thus it was not "foreseeable" to CFC that the clauses would be enforced in this dispute. However, under *Direct Mail* and other cases, a non-party's status as an intended beneficiary is not the sole basis on which a non-party

may enforce a forum selection clause. Rather, "[i]n *Direct Mail*, the court also noted that due to principles of mutuality and fairness, a non-party can sometimes also invoke a forum-selection provision in a contract when defending against '*claims [that] ultimately hinge on rights and duties defined by the Agreement.*'" *Sealord Marine Co., Ltd. v. Am. Bureau of Shipping*, 220 F. Supp. 2d 260, 270 (S.D.N.Y. 2002) (quoting *Direct Mail Prod. Servs.*, 2000 U.S. Dist. LEXIS 12945, at *5) (emphasis added) (alteration in original).[1] As noted above, that is precisely the case here. Analysis of the tort claims pled by CFC will entail litigating the rights and duties of CFC and FlyJet as defined in the agreements. Where the plaintiff's tort claims "depend on rights and duties that must be analyzed by reference to the contractual relationship[,]" or "'the gist' of those claims is a breach of that relationship," a contractually-based forum selection clause will be applied to those claims. *Direct Mail*, 2000 U.S. Dist. LEXIS 12945 at *16-17 (citation omitted). Moreover, the forum selection clauses in question here apply to "all disputes arising hereunder" – language which, contrary to CFC's assertion (*see* Opp'n Br. at 4) does not on its face limit the clauses' applicability to disputes between CFC and FlyJet.

A recent New York Supreme Court case is instructive on this point. In *Triple Z Postal Servs., Inc. v. United Parcel Serv., Inc.*, 2006 N.Y. Misc. LEXIS 3406, 831 N.Y.S.2d 357 (N.Y. Sup. Ct. 2006), plaintiff alleged that one of the defendants, United Parcel Service, Inc. ("UPS"), tortiously interfered with the performance of a Franchise Agreement (the "Agreement") executed between plaintiff and Mailboxes, Etc., Inc. ("MBE"). The court held that the forum selection clause in the Agreement encompassed the tort claim against UPS because the plaintiff's "claims grow out of the contractual relationship between MBE and plaintiff, and require[] interpretation of the contract for resolution." *Id.* at *28. The court noted it would be "difficult to imagine meaningful evaluation of these issues without recourse to the Agreement[.]" *Id.* As in *Triple Z*,

---

[1] *See also Novak v. Tucows, Inc.*, No. 06-CV-1909 (JFB)(ARL), 2007 U.S. Dist. LEXIS 21269, at *44-45 (E.D.N.Y. March 26, 2007) (noting that "the 'Third, Seventh and Ninth Circuits have determined that, in certain circumstances, a non-signatory to a contract may be bound by a forum-selection clause found therein'" and that at least two Second Circuit courts have held that "[i]t is well established that a 'range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.'") (internal citations and quotation marks omitted) (alteration in original).

CFC's claims against Silverjet are founded on and "grow out of the contractual relationship" between CFC and FlyJet, and "require interpretation" of the agreements between those parties to be adjudicated. Thus, the forum selection clauses encompass CFC's tort claims against Silverjet.

Finally, CFC's statement that a court must conduct an evidentiary hearing before determining, on a motion to dismiss, that parties are bound by a forum selection clause is just plain wrong. As the court held in *Direct Mail,* as an initial matter, if a forum selection clause is found to be exclusive and to encompass the parties and claims, the court *must* dismiss the action unless the plaintiff alleges that "enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." 2000 U.S. Dist. LEXIS 12945, at *7 (internal quotations and citations omitted) (alteration in original).[2] Here, CFC has made no challenge to the validity or reasonableness of the agreements' forum selection clauses. Taking the factual allegations in the Complaint as true, and based on the foregoing arguments, the forum selection clauses are exclusive, and encompass the parties and claims in this action. Thus, the forum selection clauses may be applied without a prior evidentiary hearing, and CFC's entire complaint should be dismissed for lack of subject matter jurisdiction.

**II.    CFC FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS OR CONTRACT**

In opposing this motion, CFC sets forth an incorrect reading of the state of New York law and has still failed to plead a claim against Silverjet for tortious interference with either advantageous business relations or contract.[3]

---

[2] Both cases cited by CFC on this point concern the enforceability of arbitration clauses, not forum selection clauses. *See Thomson-CSF*, 64 F.3d 773 (2d Cir. 1995) and *Smoothline Ltd. v. N. Am. Foreign Trading Co.*, 249 F.3d 147 (2d Cir. 2001).

[3] A federal court sitting in diversity will apply the choice of law rules of the forum. *White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 460 F.3d 281, 284 (2d Cir. 2006). However, "where the parties have agreed to the application of the forum law, their consent concludes the choice of law inquiry." *Levinson v. Primedia Inc.*, No. 02 Civ. 2222 (DAB), 2007 U.S. Dist. LEXIS 58518, *33 n.15 (S.D.N.Y. Aug. 9, 2007) (citing *Am. Fuel Corp. v. Utah Energy Dev.*, 122 F.3d 130, 134 (2d Cir. 1997)); *see also Camp Summit of Summitville, Inc. v. Visinski*, No. 06-CV-4994 (CM)(GAY), 2007 U.S. Dist. LEXIS 28496, *12-13 (S.D.N.Y. Apr. 13, 2007) (where parties cited primarily to New York law in their briefs, court deemed that to be consent to have New York law apply). Since both CFC and Silverjet primarily cite to New York law in their briefs, the parties consent to have New York law apply to this motion.

### A.     CFC Fails to State a Claim for Tortious Interference with Advantageous Business Relations

CFC asserts that Silverjet's recitation of the elements of a claim for tortious interference with advantageous business relations is "plainly wrong under the current state of the law," and cites to *Scutti Enters., L.L.C. v. Park Place Entertainment Corp.*, 322 F.3d 211 (2d Cir. 2003), seemingly to suggest that some form of wrongful means beyond mere economic pressure need not be alleged to state a claim for this tort. But CFC's reliance on this case is misplaced. In a subsequent decision in *Scutti*, the Second Circuit held that "as a general rule, allegations that a defendant has improperly applied economic pressure to a third party are not enough to make out a claim of tortious interference with prospective business relations *unless that pressure amounts to 'a crime or an independent tort*.'" *Scutti Enters., L.L.C. v. Park Place Entertainment Corp.*, 173 Fed. Appx. 75, 76 (2d Cir. 2006) (emphasis added) (citation omitted).[4] CFC alleges no facts to support an argument that Silverjet's actions in acquiring FlyJet were taken either "solely out of malice" or that they constituted even mere economic pressure, let alone wrongful means by way of a crime or an independent tort by Silverjet. To the contrary, CFC admits on the face of its complaint that Silverjet acquired FlyJet for its own economic purposes (Compl. ¶ 9) and that upon acquiring FlyJet, Silverjet attempted to provide CFC with a "comparable aircraft" (Compl. ¶ 10). These facts in themselves negate the claim that Silverjet had the requisite intent of maliciously or wrongfully interfering with CFC's business relationships to CFC's detriment.

CFC also asserts that an allegation of economic pressure raises a factual issue not suited for disposition on a motion to dismiss. This, too, is incorrect. For example, in *Advanced Global Technology L.L.C. v. Sirius Satellite Radio, Inc.*, 836 N.Y.S.2d 807, 812 (N.Y. Sup. Ct. 2007), the court granted defendant's motion to dismiss plaintiff's claim of tortious interference with

---

[4] In the earlier *Scutti* case, the court addressed whether economic pressure constituted "wrongful means" sufficient to state a claim for tortious interference. Because no New York court had yet defined the meaning of "economic pressure," the court held that this was a question to be determined under the circumstances. 322 F.3d at 216. After that 2003 decision, however, the New York Court of Appeals substantially narrowed the definition of "economic pressure." In *Carvel Corp. v. Noonan*, 3 N.Y.3d 182 (N.Y. 2004), the Court clarified that for economic pressure to be wrongful, the conduct exerting that pressure must amount to a crime or an independent tort. *Id.* at 190. As a result, CFC's reliance on the first appellate decision is misplaced under the current state of the law.

ny-780409                                    5

business relations because the plaintiff failed to allege the wrongful means supposedly employed by the defendant. Thus, allegations pertaining to economic pressure may be deemed insufficient to withstand a motion to dismiss. *See also Silver v. Kuehbeck*, No. 05-6316-cv, 2007 U.S. App. LEXIS 3087, at *8 n.2 (2d Cir. 2007) ("economic pressure must be more than simply a form of persuasion and requires specific allegations about the methods of economic pressure applied"). The court further determined in *Advanced Global Technology* that the plaintiff's allegations that the defendant acted "without justification, entirely out of malice" and "not motivated by normal economic self-interest" were conclusory and not supported by the facts. 836 N.Y.S.2d at 812. To the extent CFC does allege Silverjet acted "maliciously" (Compl. ¶¶ 18, 25), it does so conclusorily. Such vague, unsupported allegations are inadequate to state a claim for this tort under Rule 12(b)(6) and should be dismissed accordingly. *See* Moving Br. at 10. CFC completely ignores this issue in its opposition brief.

Finally, CFC argues that certain of Silverjet's arguments in support of its motion to dismiss the tort claims – such as that Silverjet cannot be liable for tortious interference because of its economic interest in FlyJet – "are in the nature of affirmative defenses to the claim[s]," and that this action "is not yet at the affirmative defense disposition stage." Opp'n Brief at 7. In fact, however, "courts may grant a pre-answer motion to dismiss on the basis of an affirmative defense where such defense appears on the face of the complaint." *Silver v. Kuehbeck*, 2007 U.S. App. LEXIS 3087, at *9 (2d Cir. 2007) (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)). "This defense may be demonstrated by, *inter alia*, facts admitted in the complaint which establish 'each of the elements of the [claim].'" *Id.* (citation omitted). To the extent Silverjet's arguments constitute an "affirmative defense" of economic interest, this defense is apparent from the facts pled by CFC. *See, e.g.,* Compl. ¶¶ 9-10 (noting Silverjet's economic interest in acquiring FlyJet and its willingness to negotiate with CFC as to modifying the terms of the original agreements).

CFC therefore has failed to allege, and cannot allege, that Silverjet improperly interfered with a business relationship between CFC and FlyJet. This claim should be dismissed with prejudice.[5]

### B. CFC Fails to State a Claim for Tortious Interference with Contract

CFC also does not respond substantively to Silverjet's arguments as to why its tortious interference with contract claim fails to state a claim. As noted in Silverjet's moving brief, the law requires factual specificity in pleading claims of tortious interference with contract. *See Am. Bldg. Maint. Co. v. ACME Prop. Servs.*, No. 1:06-CV-1366 (LEK/RFT), 2007 U.S. Dist. LEXIS 64051, at *35 (N.D.N.Y. August 29, 2007). Yet CFC's Complaint completely lacks the factual specificity required under New York law. *See* Compl. ¶¶ 13, 20; *see also* Opp'n Br. at 7 ("Paragraphs 13 and 20 assert CFC's rights under the contract.").

In addition, CFC cannot refute Silverjet's argument that CFC has not alleged that Silverjet was a third party to the contracts at the time it "appropriated" the aircraft for its own purposes. Compl. ¶¶ 21-23. Instead, CFC claims that the Complaint, "at Paragraphs 14 and 21, specifically asserts that the acquisition of the stock in Flyjet by SILVERJET was the mechanism whereby the tortious interference was effected." Opp'n Br. at 7-8. But the only action that could arguably amount to tortious interference with contract is Silverjet's own use of a plane, which was specifically contracted to FlyJet (assuming the accuracy of the Complaint, for purposes of this motion only). But this "appropriation" of the plane could not and did not take place until Silverjet had acquired FlyJet – at which point, it was no longer a "third party" to the agreements but instead was an interested party. *See* Compl. ¶¶ 6, 8-9. Accordingly, CFC does not on these facts have a claim for tortious interference with contract. Relatedly, CFC ignores Silverjet's argument that "New York courts have limited claims of tortious interference to actions against a third person who *induces a party to a contract to breach his obligation*." *Klein v. Jostens*, No. 83 Civ. 5351 (WCC), 1985 U.S. Dist. LEXIS 18115 at *6-7 (S.D.N.Y. July 9, 1985) (emphasis

---

[5] CFC also ignores Silverjet's argument that this first claim, tortious interference with advantageous business relations, is nothing more than a repackaging of CFC's second claim, tortious interference with contract. *See* Moving Br. at 10, n. 8. The claim should be stricken for this independent reason as well.

added). There can be no claim for tortious *interference* with contract where it is alleged that the interfering party also effected the actual breach. *See TVT Records v. Island Def Jam Music Group*, 412 F.3d 82, 88 (2d Cir. 2005) ("One asserting a tortious interference claim must also show that the defendant was not a party to the contract with which he allegedly interfered"); Moving Br. at 12-13.[6]

Finally, Plaintiff ignores Silverjet's argument that its legitimate economic interest in interfering with FlyJet's contracts provides a complete defense to a claim of tortious interference with contract. *See* Moving Br. at 14-16; *Imtrac Indus. v. Glassexport Co.*, No. 90 Civ. 6058 (LBS), 1996 U.S. Dist. LEXIS 1022, at *22 (S.D.N.Y. February 1, 1996) ("as long as the means employed are not improper or malicious, one with a financial interest in the business that is subject to the contract is privileged to interfere with the contract in order to protect that self-interest"). Accordingly, and because of the other demonstrated deficiencies in its pleadings, CFC's claim for tortious interference with contract by Silverjet should be dismissed.

## III.    CFC FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT

In its opposition brief, CFC couches its claim for unjust enrichment as an "appropriate alternative claim for relief." Opp'n Br. at 9. In fact, however, this "alternative claim" is barred in this instance because there is no basis for the Court to award damages in quasi-contract where a valid written agreement exists whose scope covers the dispute between the parties. As noted above, the agreements between CFC and FlyJet govern this dispute in that the claims at issue in

---

[6] In its opposition, CFC also fails to refute Silverjet's argument that CFC's failure to allege "that there would not have been a breach" of the agreements in question "but for" Silverjet's conduct is fatal to CFC's tortious interference with contract claim. *See Sedona Corp. v. Ladenburg Thalmann & Co.*, No. 03 Civ. 3120 (LTS)(THK), 2005 U.S. Dist. LEXIS 16382, at *60-61 (S.D.N.Y. Aug. 9, 2005) ("allegations of causation are required, as the plaintiff 'must allege in the complaint that there would not have been a breach but for defendants' conduct'") (citation omitted). Contrary to its assertion in its opposition brief, CFC does not allege in Paragraphs 5 and 7 of the Complaint that FlyJet was performing its half of the agreements in question by fitting out "the relevant airplane … for service." *Compare* Opp'n Brief at 7 *with* Compl. ¶ 5 (stating that "*upon furnishing of such an aircraft, CFC was to commence* flying certain international routes") (emphasis added) and ¶ 7 (stating that CFC, rather than FlyJet, "undertook substantial expenditures" as to the fit-out of the plane). Therefore, there is no allegation of *causation* of breach of the agreements by Silverjet.

this litigation ultimately hinge on rights and duties defined in the agreements. *See supra* at Section I. A claim for unjust enrichment simply cannot lie under such circumstances. This is the holding of the seminal case in New York on quasi-contract, *Clark-Fitzpatrick, Inc. v. Long Is. R.R. Co.*, 70 N.Y.2d 382, 516 N.E.2d 190, 521 N.Y.S.2d 653 (N.Y. 1987). There, the Court of Appeals held that "[t]he existence of a valid and enforceable written contract governing *a particular subject matter* ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Id.* at 388 (emphasis added). Subsequent cases have clarified that a plaintiff may not recover in quasi-contract from the parties to a contract *or* from third parties where the contract "governs[] the subject matter of the plaintiff's claim." *Bellino Schwartz Padob Advertising, Inc. v. Solaris Marketing Group, Inc.*, 635 N.Y.S.2d 587 (N.Y. App. Div. 1995). *See also AMA v. United Healthcare Corp.*, Master File No. 00 Civ. 2800 (LMM), 2007 U.S. Dist. LEXIS 18729 at *36 (S.D.N.Y. March 5, 2007) ("Under New York law, a claim for unjust enrichment may be barred by a contract governing the subject matter of the dispute even if one of the parties to the lawsuit is not a party to the contract"). Here, the subject matter of CFC's unjust enrichment claim is Silverjet's use of the aircraft to which CFC asserts it had "contractual rights." Compl. ¶ 28. Because the use of the aircraft is governed by the valid and enforceable agreements CFC executed with FlyJet, CFC cannot assert quasi-contractual claims against Silverjet in connection with the use of the aircraft.[7]

Moreover, as argued in Silverjet's moving brief and unaddressed by CFC in its opposition, CFC's claim that Silverjet's profits "derive from rights which were held by CFC" (Opp'n Br. at 9) is put to the lie by the fact that CFC does not allege that CFC was actually benefiting from the contract until and but for Silverjet's alleged interference. In fact, CFC admits that the plane allegedly owed to it was *not* being used (by CFC or otherwise) at the time

---

[7] Nor, in any event, could Silverjet be considered, at the time of its use of the aircraft, a third party to the agreements between CFC and FlyJet, given CFC's allegation that Silverjet expressed a willingness to negotiate with CFC as to modifying the terms of the original agreements. Compl. ¶ 10. There can be no claim for unjust enrichment under such circumstances. *See Chadirjian v. Kanian*, 506 N.Y.S.2d 880, 882 (N.Y. App. Div. 1986) ("An agreement may be implied under the doctrine of unjust enrichment in order to prevent one person who has obtained a benefit from another *without ever entering into a contract with that person* from unjustly enriching himself at the other party's expense") (emphasis added).

of Silverjet's acquisition of FlyJet. Compl. ¶ 5. CFC has thus not pled that CFC itself conferred a benefit on Silverjet or that Silverjet was enriched *at CFC's expense*. Accordingly, CFC's claim for unjust enrichment should be dismissed.

## CONCLUSION

For the reasons stated herein, and in Silverjet's moving brief, CFC's claims against Silverjet set forth in the Complaint should be dismissed.

Dated: October 17, 2007
       New York, New York

                                    Respectfully submitted,
                                    MORRISON & FOERSTER LLP


                                    /s/Geoffrey C. Upton
                                    By: Karen L. Hagberg
                                    Geoffrey C. Upton
                                    1290 Avenue of the Americas
                                    New York, New York 10104
                                    (212) 468-8000

                                    Attorneys for Silverjet plc